## M. B. HAYDEL, PLAINTIFF IN ERROR v. FRANCOIS GIROD.

By the civil code of Louisiana, a time or delay for the payment of debts, called a respite, is granted by the proper court on petition of a debtor who is unable to pay his debts, &c.: but notice of the proceeding must be given to every creditor, on whom notice could be served; or he is not bound by the same.

The district court of the United States of Louisiana properly overruled a defence set up to an action on a promissory note, against a debtor who had not given notice to his creditors of the proceedings for a respite. The creditor was in no sense a party to the proceeding; and his rights were in no sense affected by them.

IN error to the district court of the United States for the eastern district of Louisiana.

The defendant in error instituted a suit in the district court, on a promissory note: and the defendant having applied, after the suit was brought, to a court of Louisiana for the benefit of the insolvent law of that state; pleaded a respite, obtained in those proceedings against his creditors.

In the proceedings of the court of Louisiana, in the petition of the plaintiff in error, it no where appears that any notice of the same was given to Francois Girod; on this ground the district court decided against the plea, and gave judgment for the plaintiff in that court.

The defendant prosecuted this writ of error.

The case was argued by Mr Key, for the defendant in error. No counsel appeared for the plaintiff.

Mr Key contended:

That the plaintiff below was no party to these proceedings, nor in any way affected by them; and, that the proceedings were wholly irregular, and did not entitle the defendant, in the district court, to a respite against any of his creditors.

Mr Key referred to the civil code of Louisiana, article 3051, and others; which require that notice shall be given to the creditors of a petitioner; and which declare that no creditor, other than those to whom such notice had been given, should be affected by the same.

[Haydel v. Girod.]

He also cited Breedlove and Robeson v. Nicolet and Sigg, 7 Peters 434, in which was decided the question presented in this case. He claimed ten per cent damages, as he contended the writ of error had been sued out for delay only; the law of the case having been clearly settled in the case cited.

Mr Justice M'LEAN delivered the opinion of the Court.

This case is brought before this court by a writ of error, to reverse the judgment of the district court for the eastern district of Louisiana.

The plaintiff, in the district court, filed his petition, representing that Haydel, the defendant, was indebted to him in the sum of 2189 dollars, being the amount of a certain promissory note drawn the 17th of July 1833 by J. J. Haydel, payable in all the month of February 1834, to the order of M. Belfort Haydel, by whom it was indorsed, to the plaintiff. That when the note became due, demand was made and notice given, &c.

On the 19th of May 1834, the defendant, Haydel, filed an answer; in which he states, for exception to the petition, that by a decree of the first district court of the first judicial district of Louisiana, all proceedings against his property and person have been stayed upon the application of the respondent for a respite, under the provisions of the law of the state of Louisiana.

" That the note or instrument upon which he is sued being made in said state and payable there, the said Girod having before, and since the making of said note, resided within the said state, is bound by the laws thereof, and cannot, because of the decree aforesaid, further prosecute his said suit in this court, until the creditors of your respondent shall have refused the respite demanded by him, or until the period thereof, should the said creditors accord a respite, has expired."

Afterwards the defendant applied for leave to file a supplemental answer, which was refused under the rule of the court.

And on the 14th of January 1835, a judgment was entered for the plaintiff.

By the civil code of Louisiana, it is declared, article 3051, " a respite is an act by which a debtor who is unable to satisfy his debts at the moment, transacts with his creditors, and obtains from them time or delay for the payment of the sums which he owes them."

[Haydel v. Girod.]

And in article 3054; "but in order that a respite may produce that effect, it is necessary,

" 1. That the debtor should deposit in the office of the clerk of the court of his domicil, to whom he presents his petition for calling his creditors, a true and exact schedule, sworn to by him, of all his movable and immovable property, as well as of his debts.

" 2. That a meeting of the creditors of such debtor, domiciliated in the state, shall be called on a certain day at the office of a notary public, by order of the judge ; at which meeting the creditors shall be summoned to attend by process issued from the court, if the creditors li;e within the parish where the meeting shall take place; or by letters addressed to them by the notary, if they are not residing in the parish, &c."

It was under this law that the matters in the defendant's answers were pleaded; and it was insisted that the district court should have suspended all proceedings in the suit.

The defendant, it appears, exhibited his schedule, as stated in the state court; but it no where appears in the record that notice was given to the plaintiff either by the notary or otherwise, as the law requires.   Without deciding what effect these proceedings in the state court, if regular, could have on the suit in the district cou t, it is enough to say that as the plaintiff had no notice, he was in no sense made a party to the proceedings, and consequently his rights are in no respect affected by them.   The district court, therefore, did not err in overruling this defence, and giving a judgment for the plaintiff.

This point was decided in the case of Breedlove and Robeson v. Nicolet and Sigg, 7 Peters 434.   The judgment of the district court is affirmed.


This cause came on to be heard on the transcript of the record from the district court of the United States for the eastern district of Louisiana, and was argued by counsel; on consideration whereof, it is adjudged and ordered by this court, that the judgment of the said district court in this cause be, and the same is hereby affirmed, with costs and damages at the rate of six per centum per annum.